UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WARREN D. JOHNSON, JR.,
WARREN D. JOHNSON, SR.,                                **REPORT**
JEFFREY JOHNSON,                                          **and**
MARK JOHNSON,                                    **RECOMMENDATION**
PATRICIA WELLSPEAK,
JERRY P. LINKOUS,                                   **07-CV-087A(F)**
C.W.J, Infant,
C.J., Infant, and
C.L.J., Infant,

                                        Plaintiffs,

            v.

SONEET R. KAPILA, Individually and as
  Trustee in Bankruptcy, and
PATRICK S. SCOTT, as Counsel to the
  Trustee,
                                        Defendants.

_____

APPEARANCES:          ANDREW F. PHELAN, ESQ.
                      Attorney for Plaintiffs
                      6663 Route 219
                      P.O. Box 1181
                      Ellicottville, New York 14731

                      HURWITZ & FINE, P.C.
                      Attorney for Defendant Kapila
                      EARL K. CANTWELL, of Counsel
                      1300 Liberty Building
                      Buffalo, New York 14202

                      GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C.
                      Attorneys for Defendant Scott
                      ROBERT J. FELDMAN, of Counsel
                      465 Main Street
                      Suite 600
                      Buffalo, New York 14203

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on

December 6, 2007, for all pretrial matters.  The matter is presently before the court on

motions to dismiss filed on May 25, 2007 by Defendants Soneet R. Kapila (Doc. No. 2),

and Patrick S. Scott (Doc. No. 3).


## BACKGROUND and FACTS[1]

On February 15, 2007, Plaintiffs Warren D. Johnson, Jr. ("Johnson"), Warren D.

Johnson, Sr. ("Johnson, Sr."), Jeffrey Johnson ("Jeffrey Johnson"), Mark Johnson

("Mark Johnson"), Patricia Wellspeak ("Wellspeak"), Jerry P. Linkous ("Linlous"), and

Infant Plaintiffs C.W.J., C.J., and C.L.J. ("the Infant Plaintiffs") (together, "Plaintiffs"),

commenced this action seeking monetary damages and injunctive relief to redress

alleged illegal conduct by Defendants Soneet R. Kapila ("Kapila"), and Patrick S. Scott

("Scott") (together, "Defendants"), in connection with bankruptcy proceedings

commenced by Johnson in the Southern District of Florida in 1998, and Johnson's

eventual prosecution and conviction, also in the Southern District of Florida, for

bankruptcy fraud.  Defendant Kapila was the court-appointed trustee for said

bankruptcy, and Defendant Scott served as counsel to the trustee.  Plaintiffs assert

subject matter jurisdiction exists in this court pursuant to 28 U.S.C. § 1332, based on

diversity of citizenship, and 28 U.S.C. § 1331, based on federal question.  Complaint ¶

2.  Plaintiffs further maintain venue is proper in this court under 28 U.S.C. § 1391(b)

because several of the parties reside in the Western District of New York, where some

of the events giving rise to the instant claims purportedly occurred.  Complaint ¶ 3.

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

Plaintiffs assert two state-law claims for relief, including (1) execution of a contract under coercion and duress, Complaint ¶¶ 18-23 ("First Cause of Action"); and (2) failure to execute contract within the allowable time frame, Complaint ¶¶ 24-27 ("Second Cause of Action").  Plaintiffs essentially allege that on February 16, 2001, Defendants unlawfully coerced, threatened and intimidated Plaintiffs into executing a restitution agreement ("February 16, 2001 contract"), resulting in the divesting of various of Plaintiffs' assets at less than fair market value, and that all approvals for the agreement were not obtained by March 7, 2001 as required by the February 16, 2001 contract.

On May 25, 2007, motions to dismiss were filed by Kapila (Doc. No. 2) ("Kapila's motion"), and by Scott (Doc. No. 3) ("Scott's motion") ("Defendants' motions").  Kapila's motion is supported by the attached Memorandum of Law in Support of Motion to Dismiss (Kapila's Memorandum").  Scott's motion is supported by the attached Affidavit of Robert J. Feldman, Esq. ("Feldman Affidavit"), with exhibits A through E ("Feldman Affidavit Exh(s). __"), and a separately filed Memorandum of Law of Defendant Patrick S. Scott in Support of Motion to Dismiss (Doc. No. 4) ("Scott's Memorandum").

In opposition to Defendants' motions, Plaintiffs filed on September 14, 2007, the Memorandum of Law of Plaintiffs in Opposition to Motion(s) to Dismiss (Doc. No. 18) ("Plaintiffs' Memorandum").  In further support of dismissal, Reply Memoranda of Law were filed by Kapila on September 19, 2007 (Doc. No. 19) ("Kapila's Reply"), and by Scott on September 20, 2007 (Doc. No. 20) ("Scott's Reply").  Oral argument was deemed unnecessary.

Based on the following, both Defendants' motions (Doc. Nos. 2 and 3), should be

GRANTED, and the Clerk of the Court should be directed to close the file.

## **DISCUSSION**

Defendants separately move to dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, and improper venue. Kapila's Memorandum at 1; Scott's Memorandum at 1-2.  Alternatively, Defendant Kapila moves pursuant to 28 U.S.C. § 1404 to transfer venue to the Southern District of Florida.  Kapila's Memorandum at 1.  In opposition to the motions to dismiss, Plaintiffs concede that diversity jurisdiction is lacking, yet maintain that federal question jurisdiction exists because the Complaint "alleges improper acts by a federal bankruptcy trustee and his attorney," and such "claims are also related to restitution ordered by a federal criminal court."  Plaintiffs' Memorandum at 1-2.

It is basic that in the absence of subject matter jurisdiction, "the court lacks the statutory or constitutional power to adjudicate the case."  *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996).  As such, the court first addresses whether it has subject matter jurisdiction to entertain the instant claims.

The subject matter jurisdiction of the federal district courts, set forth under 28 U.S.C. §§ 1331 and 1332, is limited.  In particular, jurisdiction is provided for only when a "federal question" is presented, 28 U.S.C. § 1331 ("§ 1331"), or when there is complete diversity of citizenship between plaintiffs and defendants and the amount in controversy exceeds $ 75,000, 28 U.S.C. § 1332 ("§ 1332").  As stated, in the instant case, although Plaintiffs initially alleged jurisdiction based on diversity, Plaintiffs have since conceded diversity jurisdiction does not exist.  Plaintiffs' Memorandum at 1.

4

Accordingly, the court considers whether jurisdiction exists based on federal question.

To invoke federal question jurisdiction, Plaintiffs' claims must arise "under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."  *State of New York v. White*, 528 U.S. 336, 338 (2d Cir. 1975).

"Federal question jurisdiction exists where a well-pleaded complaint 'establishes either that federal law creates the cause of action or that *the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.*'"  *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000) (italics added) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).  Deciding whether federal question jurisdiction exists requires making "pragmatic distinctions between those allegations, if any, that raise substantial questions and those that do not."  *Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002) (citing *Greenberg*, 220 F.3d at 26)).  "In so doing, we examine 'the nature of the federal question raised in [each] claim to see if it is sufficiently substantial to warrant federal jurisdiction.'"  *Perpetual Securities*, 290 F.3d at 137 (quoting *Greenblatt v. Delta Plumbing & Heating Corp.*, 68 F.3d 561, 570 (2d Cir. 1995)) (bracketed text in original).

Nevertheless, "[s]imply raising a federal issue in a complaint will not automatically confer federal question jurisdiction.  Rather, we ask 'whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.'"  *Perpetual Securities*, 290 F.3d at 137 (quoting *Duke Power Co. v. Carolina Env. Study Group*, 438 U.S. 59, 70 (1978)).

Where, as here, a complaint's federal claim is nothing more than a state common law claim cloaked in the garb of a federal statute, the claim is insufficient to confer federal question jurisdiction.  *See Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (holding that a the plaintiff's constitutional claim was nothing more than a state court claim "recloaked in constitutional garb," which was insufficient to confer federal question jurisdiction).

In this case, the gravamen of the Complaint is that Defendants engaged in unlawful conduct to coerce Plaintiffs into executing the February 16, 2001 contract, which Plaintiffs allege thereby divested Plaintiffs of ownership in certain assets below fair market value. Resolution of whether or not Defendants committed actionable conduct by coercing, intimidating or threatening Plaintiffs into executing the February 16, 2001 contract, as alleged in the First Cause of Action, does not turn on any federal statute (or provision of the Constitution or treaty), including any provision of the United States Bankruptcy Code.  Rather, the First Cause of Action alleges a New York common law tort claim for duress and coercion.  Similarly, whether or not Defendants failed to have the February 16, 2006 contract timely executed, as the Second Cause of Action alleges, requires interpretation of a clause of such contract, rather than any federal bankruptcy law or even any provision of federal criminal law.  Equally relevant, "it is well-established that federal courts will not assume jurisdiction over contract disputes 'in the absence of an unambiguous expression of congressional intent,'" *Empire HealthChoice Assurance, Inc. v. McVeigh ex rel. Estate of McVeigh*, 402 F.3d 107, 110 (2d Cir. 2005) (quoting *Jackson Transit Authority v. Local Div. 1285, Amalgamated Transit Union, AFL-CIO-CLC*, 457 U.S. 15, 30 (1982).  Significantly, nowhere in the Complaint do Plaintiffs reference *any* Constitutional law or federal

statute as providing the source of either Cause of Action.  As such neither the First nor

the Second Cause of Action "necessarily depends on resolution of a substantial

question of federal law," *Franchise Tax Bd.*, 463 U.S. at 27-28, and therefore confers no

federal question jurisdiction.

Nor is there any merit to Plaintiffs' contention, Plaintiffs' Memorandum at 1-2, that

subject matter jurisdiction exists because Defendants are alleged to have committed the

improper acts in their capacity as federal agents.  Although not cited by Plaintiffs, such

argument alludes to 28 U.S.C. § 1346 ("§ 1346"), which, in relevant part, provides for

subject matter jurisdiction over civil matters for money damages "caused by the

negligent or wrongful act or omission of any employee of the Government while acting

within the scope of his office or employment, under circumstances where the United

States, if a private person, would be liable to the claimant in accordance with the law of

the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1) (underlining

added).  Section § 1346's application, however, is subject to the provisions of the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, under which sovereign

immunity is waived for claims against the United States for money damages caused by

the tortious act of a federal employee or agent acting within the scope of his federal

employment.  *Diaz v. United States*, __ F.3d __, 2008 WL 495653, * 4 (2d Cir. Feb. 26,

2008).  *See also Robinson v. Overseas Military Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)

("[A]n action against a federal agency or federal officers in their official capacities is

essentially a suit against the United States.").  Further, the FTCA  requires that

claimants first present their claims to the appropriate federal agency within two years of

accrual, and that such claims be administratively denied in writing before filing suit in

federal court, 28 U.S.C. §§ 2401(b) and 2675(a).  Moreover, suits against federal employees may only be brought as suits against the United States, not the employees. 28 U.S.C. § 2679(b).  In the instant case, Plaintiffs do not allege, and no evidence in the record suggests, that any of the prerequisites for a valid claim under the FTCA have been satisfied, nor have Plaintiffs specifically pleaded claims under the FTCA.  As such, under a liberal construction of the Complaint, Plaintiffs' claims should also be dismissed for lack of subject matter jurisdiction for failure to exhaust under the FTCA.

Defendants' motions should thus be GRANTED based on lack of subject matter jurisdiction.  Furthermore, the court's determination that subject matter jurisdiction is lacking in this court renders the court unable to reach Defendants' remaining arguments, including improper venue and failure to state a claim.  *See Nowak*, 81 F.3d at 1188 ("'Whether the complaint fails to state a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.'" (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).  *See also In re Arbitration between Griffin Industries, Inc. and Petrojam, Ltd.*, 58 F.Supp.2d 212, 217 (S.D.N.Y. 1999) ("because the district court did not have subject matter jurisdiction, the issue of venue need not be reached") (citing *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1468 n. 4 (11th Cir. 1997)).

## **CONCLUSION**

Based on the foregoing, the motions to dismiss (Doc. Nos. 2 and 3), should be GRANTED based on lack of subject matter jurisdiction.  The Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        April 3, 2008
                      Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an**

**extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      April 3, 2008
            Buffalo, New York